IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM MARTIN | ) | |
| | ) | |
| v. | ) | NO. 3:11-0743 |
| | ) | |
| BANK OF AMERICA | ) | |

TO:   Honorable Todd J. Campbell, Chief District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 16, 2011 (Docket Entry No. 14) this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order[1], decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 19) filed by Defendant Bank of America, N.A. The plaintiff has not filed a response to the motion.[2] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

This action was originally filed by the pro se plaintiff in the Circuit Court of Nashville, Davidson County, Tennessee on July 5, 2011. In a 25 page complaint (Docket Entry No. 1-1), the

---

[1] No scheduling order has been entered because the defendant filed a motion to dismiss as its initial response to the complaint.

[2] By Order entered August 26, 2011 (Docket Entry No. 23), the pro se plaintiff was notified of the motion and of the need to respond. He was also warned that his failure to file a response could result in a recommendation that the action be dismissed.

plaintiff asserts that he is the owner of real property located at 2609 Jenkins St., Nashville, Tennessee, and that Bank of America, N.A. ("BANA")[3] has improperly foreclosed on the property. The plaintiff seeks compensatory and statutory damages, punitive damages, injunctive relief, and declaratory relief, and he brings causes of action against BANA for: 1) wrongful foreclosure; 2) wire fraud; 3) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; 4) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.; 5) civil conspiracy and fraud; 6) illegal fee splitting and unauthorized practice of law; 7) fraud; and 8) violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 et seq. See Complaint, at 12-22.

On August 4, 2011, BANA filed a notice of removal of the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, asserting that federal questions appear on the face of the complaint. See Docket Entry No. 1. In lieu of an answer, BANA has filed the pending motion to dismiss the complaint.

## II. MOTION TO DISMISS

The defendant contends that dismissal of the action is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the plaintiff has not alleged facts in his complaint upon which a claim for relief can be based. The defendant contends that although the plaintiff sets out several causes of action and makes broad allegations of wrongdoing, the lengthy complaint contains virtually no specific factual allegations concerning the purported mortgage agreement between the plaintiff and BANA, the alleged foreclosure, or any other matter involving the plaintiff and BANA. As such, the defendants contend that the complaint fails to satisfy the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure or the specific pleading requirements for pleading claims of fraud contained in Rule 9(b) of the Federal Rules of Civil Procedure. The defendant

---

[3] Although the plaintiff names Bank of America as the defendant, Bank of America, N.A. asserts that it is the correct legal entity which the plaintiff is presumed to have intended to name in his complaint. See Docket Entry No. 19, at 1, n.1.

argues that large parts of the complaint have been copied verbatim from an unrelated lawsuit filed in Georgia[4] in which BANA is a named defendant and that the plaintiff's complaint contains broad, conclusory statements and allegations which fail to show any specific dispute between the plaintiff and BANA which would support the claims alleged by the plaintiff in his complaint.

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the factual allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does

---

[4] The defendant has attached a copy of the complaint filed in the Georgia lawsuit as an exhibit to their motion. See Docket Entry No. 21.

not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Rule's purpose is to alert defendants "as to the particulars of their alleged misconduct" so that they may respond. United States ex rel. Bledsoe v. Community Health Sys., Inc. 501 F.3d 493, 503 (6th Cir. 2007). The heightened pleading standard is also designed to prevent "fishing expeditions," id. at 503 n.11, and to narrow potentially wide-ranging discovery to relevant matters. See United States ex rel. SNAPP, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir. 2008). Generalized and conclusory allegations that the defendant's conduct was fraudulent do not satisfy Rule 9(b). Bovee v. Coppers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).

## III. CONCLUSIONS

The defendant's motion to dismiss should be granted. Even when the complaint is given a liberal construction because of the plaintiff's pro se status, the complaint is simply so lacking in even a modicum of supporting factual allegations that it must be dismissed for failure to state arguable claims against the defendant. Aside from the plaintiff's statement of the location of the property at issue, the complaint fails to set forth even the most basic underlying facts, such as the specific contractual arrangement between the plaintiff and BANA, the date and result of the purported foreclosure, the specific actions taken by BANA with respect to the property, the specific actions of BANA upon which the plaintiff bases his complaint, and the facts showing how the plaintiff has been injured. Indeed, every allegation made against BANA in the complaint is couched in general and conclusory language. For example, even the most basic fact, such as the nature of BANA's relationship with the plaintiff, is unclear from the complaint since BANA is alleged:

4

to be on the Deed of Trust and/or was listed on the Notice of Default for real property held by plaintiff and/or was listed on the Notice of Trustee's Sale for the above referenced Real Property and/or bought the above referenced Real Property and/or received a Trustee's Deed Upon Sale was (sic) assigned the Dead of Trust.

See Complaint, at 1-2.

Although the plaintiff sets out eight causes of action, the plaintiff's fails to allege any specific facts supporting these causes of action and the complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949–50. The plaintiff makes no attempt to present any actual facts concerning the elements required to prove a violation of the federal statutes or state law claims that he raises in his complaint and merely makes conclusory assertions of wrongdoing against the defendant. Even under the basic pleading standards of Rule 8, such conclusory allegations are insufficient to support claims upon which relief can be granted. Iqbal, supra; Twombly, supra. Because the complaint is woefully deficient in terms of supporting factual allegations, the complaint warrants dismissal. See Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed.Appx. 487, 491, 2005 WL 3528921, *3 (6th Cir. Dec. 22, 2005) (lack of supporting factual allegations in complaint warranted dismissal of pro se plaintiff's claims); Elsman v. Standard Fed. Bank, 46 Fed.Appx. 792, 799, 2002 WL 31007987, *6 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated the TILA, the Consumer Credit Protection Act, the Fair Debt Collection Act, RICO, and state law failed to adequately plead actionable claims).

It appears to the Court that the lack of specific factual allegations against BANA in the complaint is due in large part, if not entirely, to the fact that the plaintiff's complaint was copied from other complaints with little thought being given to shaping the complaint so that it pertained to specific facts pertaining to the plaintiff and BANA. At numerous points in the complaint, the plural terms "plaintiffs" and "defendants" are used despite the fact that only a single plaintiff and defendant are specifically listed in the action.[5] Furthermore, one of the causes of action is asserted

---

[5] The plaintiff states in his complaint that he is "ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by

against "MERS" and "MERSCORP," who are not defendants in this action. See Docket Entry No. 1-1, at 14-18. Finally, the several pages of causes of action set out in the complaint are nearly identical to those set out in the unrelated complaint attached to the defendant's motion. Compare Docket Entry No. 1-1, at 12-23 with Docket Entry No. 21, at 42-80.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 19) filed by Defendant Bank of America, N.A., be GRANTED and that this action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

such fictitious names and all person unknown claiming any legal or equitable title, right, title, estate, lien, or interest in the property described in the complaint adverse to the plaintiff(s (sic) title, or any cloud on Plaintiffs (sic) title thereto." See Docket Entry No. 1-1, at 2, ¶ 3. Much like the overall complaint, the Court does not view such a vague and general statement as sufficient to include "Doe" defendants in the action.